UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SULLIVAN,

                              Plaintiff,                      8:19-CV-0129
                                                                                       (GTS/DJS)

v.

ROBIN A. SNIDER; and DAVID B. SNIDER,

                              Defendants,
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NORFOLK LAW PLLC<br>  Counsel for Plaintiff<br>1936 Saranac Ave, Suite 106<br>Lake Placid, NY 12946 | MATTHEW D. NORFOLK, ESQ. |
| WHITEMAN OSTERMAN & HANNA LLP<br>  Counsel for Defendants<br>One Commerce Plaza<br>99 Washington Avenue, Suite 1900<br>Albany, NY 12260 | JOHN J. PRIVITERA, ESQ.<br>ANNA V. SEITELMAN, ESQ. |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this real-property action filed by Robert Sullivan ("Plaintiff") against Robin A. Snider ("Defendant R. Snider") and David B. Snider ("Defendant D. Snider") (collectively "Defendants"), are the following two motions: (1) Defendants' motion to set aside the Clerk's entry of default; and (2) Plaintiff's motion for default judgment. (Dkt. Nos. 114, 115.) Because a motion to set aside an entry of default must necessarily be decided before a motion for default judgment, the Court will decide Defendants' motion before Plaintiff's motion. *See, e.g., Hawkeye Gold, L.L.C. v. China Nat'l Materials Indus. Imp. and Exp. Corp.*, 16-CV-

0355, 2021 WL 4147743, at *1 (S.D. Iowa Apr. 6, 2021) (recognizing that "the court will necessarily decide Sinoma's Motion To Set Aside Entry Of Default before Deciding Hawkeye Gold's Motion for Default Judgment"). For the reasons set forth below, Defendants' motion is granted, and Plaintiff's motion is denied without prejudice to renewal upon any further defaulting conduct by Defendants.

## I.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing a Motion to Set Aside an Entry of Default

A clerk's entry of default may be set aside by a court for good cause. Fed. R. Civ. P. 55(c). "Generally, the standard for setting aside the entry of a default pursuant to [Fed. R. Civ. P.] 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to [Fed. R. Civ. P.] 60(b)." *Gates v. Wilkinson*, 03-CV-0763, 2005 WL 3115826, at *1 (N.D.N.Y. Nov. 21, 2005) (Sharpe, J.) (citing *Meehan v. Snow*, 652 F.2d 274, 276 [2d Cir. 1981]). "Courts in this Circuit have construed 'good cause' in this context broadly." *Brady v. W. Overseas Corp.*, 04-CV-2878, 2008 WL 4936875, at *4 (E.D.N.Y. Nov. 14, 2008) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 [2d Cir. 1993]).

"In deciding whether good cause exists, the court examines [the following] three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Brady*, 2008 WL 4936875, at *4. "In applying this analysis, the court must bear in mind the well-established preference for resolving litigation disputes on the merits." *Id*. "Any doubts as to whether a default should be vacated must be resolved in favor of trial on the merits." *Id*.

As to the first factor, willfulness within the this Circuit does not include careless or

negligent errors even when the negligence is gross. *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).

As to the second factor, "[t]o establish prejudice in the context of a default, there must be a showing that the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Arthur F. Williams, Inc. v. Helbig*, 208 F.R.D. 41, 45 (E.D.N.Y. 2002) (quoting *Davis v. Musler*, 713 F.2d 907, 916 [2d Cir. 1983]) (internal quotation marks omitted).

As to the third factor, a defense is meritorious where it is "good at law so as to give the fact finder some determination to make." *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (quoting *Am. Alliance Ins. Co., Ltd.,* 92 F.3d at 61). The test to determine whether a meritorious defense has been presented is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. Evidence must be submitted to support the proposed defense amounting to more than a conclusory denial. *Id.* However, allegations can found to be meritorious where "they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 [D.C. Cir. 1980]).

    **B.**    **Legal Standard Governing a Motion for Default Judgment**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party

3

fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

4

## II.   ANALYSIS

### A.   Defendants' Motion to Set Aside the Clerk's Entry of Default

As a threshold matter, the Court finds that Defendants' default in this action was willful. Even setting aside whether Defendants acted deliberately or merely recklessly when they ceased communicating with their prior counsel during the two years that elapsed before their appeal was denied in March of 2023 (*see* Dkt. No. 101, Attach. 1, at ¶ 5 [Kennelly Affid.]), the Court finds that Defendants acted deliberately when they (1) continued to cease such communications with him after they lost their appeal in March of 2023, and (2) failed to comply with this Court's directive to do one of the following four things: (a) resume communication with counsel before May 25, 2023; (b) obtain new counsel and file a notice of appearance before May 25, 2023; (c) file a letter before May 25, 2023, advising the Court that Defendants have discharged their current defense counsel and will be proceeding *pro se* at trial; or (d) show cause, before June 24, 2023, why the Clerk should not enter their default under Fed. R. Civ. P. 55(a), and the Court should not enter judgment against them for failure to defend this action.  (*See generally* Docket Sheet.)

Moreover, the Court has trouble finding, at least based on the current record, that any of the three related defenses asserted by Defendants can be fairly and accurately characterized as "meritorious" under the standard set forth in Part I.A. of this Decision and Order: (1) that Plaintiff failed to mitigate his damages; (2) that Plaintiff's injunctive requests are now moot because the Cabin has been removed from Plaintiff's property (apparently in violation of the

5

Town's setback restrictions);[1] and (3) that Plaintiff does not have any evidence to prove his damages (including punitive damages) at trial. (Dkt. No. 114, Attach. 2, at 8 [attaching page "5" of Defs. Memo. of Law]; Dkt. No. 118, at 14-17 [attaching pages "9" through "12" of Defs.' Reply Memo. of Law].) The Court notes that Defendants' new counsel, Mr. Privitera, has not demonstrated sufficient personal knowledge under Fed. R. Evid. 602 to testify regarding Plaintiff's mitigation of damages. (Dkt. No. 114, Attach. 1, at ¶¶ 20, 29.)

However, the Court finds that setting aside the default would not prejudice Plaintiff. More specifically, the Court finds that the delay resulting from Defendants' default–which the Court calculates to span seventy-six (76) days (i.e., from the Mandate issued by the Second Circuit on March 23, 2023, to the Substitution of Counsel filed on June 27, 2023)–is insufficient to establish prejudice for the reasons stated on page "8" of Defendants' reply memorandum of law. (Dkt. No. 118, at 13; Dkt. No. 106; Dkt. No. 98.) To those reasons, the Court adds that, even if the Court were to assume that Plaintiff was of an advanced age, facing a 76-day delay in the resolution of his case at an advanced age, in and of itself, is generally insufficient to establish prejudice. *See Harvey v. Peter Lang Pub'g, Inc.*, 09-CV-01391, 2009 WL 2044701, at *3 (N.D. Cal. July 9, 2009) ("The Court acknowledges Plaintiffs' statements regarding their age and health, however as set forth above, prejudice requires harm beyond merely a delay in resolution of the case.").

After carefully balancing the relevant factors, the Court finds that the Clerk's entry of default should be set aside.

---

[1] (Dkt. No. 117, at ¶ 32 [Norfolk Aff.]; Dkt. No. 117, Attach. 10 [Ex. J to Norfolk Affid., attaching Order to Remedy dated Sept. 21, 2023, issued by North Elba Code Enforcement Officer Michael Orticelle to Defendants].)

**B.    Plaintiff's Motion for Default Judgment**

Because the Court has found that the Clerk's entry of default should be set aside, Plaintiff's motion for default judgment is moot. However, the Court hastens to add that it will allow Plaintiff to renew his motion should the Clerk again entry Defendants' default due to their failure to defend Plaintiff's claims in this action. Defendants are cautioned that, in deciding any such renewed motion, the Court will consider the sum today of the delays Defendants have caused (including the pre-March 2023 delays asserted by Plaintiff). (*See, e.g.,* Dkt. No. 117, at ¶¶ 3-16.)

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to set aside the Clerk's entry of default (Dkt. No. 114) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 115) is **DENIED without prejudice as moot**; and it is further

**ORDERED** that counsel shall communicate with the undersigned's Courtroom Deputy, Shelly Muller, regarding scheduling a trial in this action, and that counsel shall appear at the Final Pretrial Conference in this action (whenever it is scheduled) with settlement authority.

Dated: December 19, 2023
       Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge